**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION**

IN RE:                                                                                            CASE NO. 08-22398

**ANTHONY FRAMBES**

**DEBTOR**

**ANTHONY FRAMBES**                                                                         **PLAINTIFF**

V.                                                                              ADVERSARY CASE NO. 11-2004

**NUVELL NATIONAL AUTO FINANCE, LLC,**                                               **DEFENDANTS**
**ET AL.**

### MEMORANDUM OPINION

Before the Court are the Defendants' Nuvell National Auto Finance LLC and CCB Credit Services' motions to dismiss all counts of this adversary proceeding filed by the Debtor seeking sanctions for contempt for an alleged violation of the discharge injunction arising out of an attempt to collect a discharged debt. The issues raised by the Defendants are (1) whether a debtor aggrieved by a violation of the discharge injunction pursuant to 11 U.S.C. §524 may seek contempt sanctions in an adversary proceeding and (2) whether the Court may exercise subject matter jurisdiction over the Debtor's claims for violations of the Fair Debt Collections Practices Act, or 15 U.S.C. §1692 ("FDCPA"), and the Kentucky Consumer Protection Act, or K.R.S. §367.170 ("KCPA"). Because the Sixth Circuit has held that there is no private cause of action for violation of the discharge injunction, the Debtor's only recourse is to seek contempt in his main bankruptcy case via a motion brought pursuant to Bankruptcy Rule 9014. Further, the Court lacks subject matter jurisdiction over the Debtor's remaining counts for violations of the FDCPA and the KCPA where the claims arose post-petition, are not property of the estate and will have no conceivable effect on the Debtor's estate. For these reasons, the Debtor's Complaint shall be dismissed.

**Facts**

The Debtor alleges the following facts, which for purposes of this Motion, the Court accepts as true. On November 24, 2008, the Debtor filed a petition for Chapter 7 bankruptcy protection, Case No. 08-22398. Shortly thereafter, the Debtor amended his schedules to include Nuvell National Auto Finance, LLC ("Nuvell") as a creditor with a secured debt relating to a 2007 Cadillac Escalade. On January 6, 2009, the Debtor entered into a reaffirmation agreement with Nuvell and filed it with the Court but the agreement was later withdrawn.

On April 15, 2009, the Court ordered the Debtor to turn over the Escalade to the Trustee on the grounds that the lien was unperfected, as it was not filed within thirty days of purchase and was filed within ninety days of the bankruptcy filing. On May 22, 2009, the Trustee and Nuvell entered into a stipulation in lieu of filing an adversary action stating that Nuvell had an unperfected security interest in the Escalade, which was voidable by the Trustee.

On June 3, 2009, the Court signed the stipulation to dispense with the need for an adversary proceeding, thereby voiding Nuvell's lien and allowing the Escalade to be sold by the Trustee. On June 17, 2009, the Trustee filed a motion to approve the sale of the Escalade. The Trustee filed a Certificate of Service on this same day indicating the motion was mailed to all creditors on the mailing matrix, including Nuvell. On July 13, 2009, the Court issued an Order approving the sale of the Escalade. The Trustee subsequently filed a Certificate of Service that this Order was mailed to all creditors on the mailing matrix, including Nuvell.

On March 6, 2010, the Plaintiff was granted a discharge pursuant to 11 U.S.C. §727. On March 8, 2010, the Bankruptcy Clerk filed a Certificate of Service that the Order of Discharge of Plaintiff's Chapter 7 bankruptcy was sent to all creditors listed on the mailing matrix.

Seven months later, on October 18, 2010, CCB Credit Services ("CCB") mailed a letter to the Debtor attempting to collect a debt related to the Escalade, despite the discharge of this

debt in bankruptcy. This was followed by a phone call from CCB regarding the same debt on October 21, 2010. The phone calls from CCB continued with calls made to the Debtor on November 1, 2, and 10, 2010, all related to the collection of the debt for the Escalade. CCB also contacted the grandmother of the Debtor's wife on November 13, 2010, regarding the same.

The Debtor and his wife informed CCB more than once following these phone calls that the debt referenced had been discharged in bankruptcy. The Debtor's counsel also informed the Defendants by letter dated November 16, 2010, and sent via certified mail, return receipt requested, of the discharge. Both Nuvell and CCB received and responded to the letter through counsel.

The Debtor thereafter made a motion on January 24, 2011, to reopen the Chapter 7 case for the purpose of filing this adversary proceeding which was granted. He then filed this adversary proceeding seeking actual, statutory, and punitive damages from the Nuvell and CCB alleging three counts: (1) violation of the discharge injunction; (2) violation of FDCPA; and (3) violation of the KCPA.

Following the filing of the adversary proceeding, Nuvell and CCB each filed motions to dismiss, primarily arguing the Debtor's claims should be dismissed because (1) there is no private cause of action in the Sixth Circuit for violation of the discharge injunction and (2) the Court lacks subject matter jurisdiction over the FDCPA and KCPA claims.

## Analysis

The Defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7012. In order "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

3

1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A pleading that offers 'labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do.'"  *Id.*  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.*

In determining whether a complaint states a plausible claim for relief, the Court may consider the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the Court may take judicial notice.  *See First Mercury Ins. Co. v. Christopher K Corp.*, 2010 WL 4683928, *2 (E.D. Mich. November 10, 2010) (*citing* 2 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 12.34[2] (3d ed. 2000)).

### A.     Count I - Violation of the Discharge Injunction

This Court has jurisdiction to determine a violation of the discharge injunction pursuant to 28 U.S.C. §1334 and this is a core proceeding pursuant to 11 U.S.C. §157(b).  Venue is proper pursuant to 28 U.S.C. §1409.

The Defendants argue that the Debtor's cause of action for violation of the discharge injunction must be dismissed because the Sixth Circuit has ruled that there is no private cause of action under §524.  *See Pertuso v. Ford Motor Credit Company*, 233 F.3d 417 (6th Cir. 2000).  In *Pertuso*, a group of discharged Chapter 7 debtors brought a purported class action in district court against a common secured creditor, alleging that the creditor violated the automatic stay pursuant to §362 and the discharge injunction pursuant to §524.  *Id.* at 420.  The issue before the court was whether §524 impliedly creates a private right of action.  After examining the factors to be considered in determining whether a private right of action exists for breach of a federal statute, *see Cort v. Ash*, 422 U.S. 66 (1975), and the legislative history of §524, the Sixth Circuit determined that unlike the private cause of action created by Congress for

violations of the automatic stay in §362, Congress did not impliedly create a private right of action in §524 for violations of the discharge injunction. *Id*. at 421-422.

In making its determination, the court rejected the argument that violations of §524 may be remedied pursuant to §105 authorizing the court to "issue any order, process, or judgment that is necessary or appropriate to carry out of the provisions of this title." *See* 11 U.S.C. §105. Relying on a previous decision, the Sixth Circuit held

> "[W]e do not read §105 as conferring on courts such broad remedial powers. The 'provisions of this title' simply denote a set of remedies fixed by Congress. A court cannot legislate to add to them."

*Id*. at 423 (*citing Kelvin v. Avon Printing Co., Inc.*, 1995 WL 734481 (6th Cir. 1995) (unpublished)).

While there is no private right of action within §524, the Sixth Circuit has held violations of §524 are punishable by sanctions for contempt of court. According to *Pertuso*, "[t]he obvious purpose is to enjoin the proscribed conduct – and the traditional remedy for violation of an injunction lies in contempt proceedings, not in a lawsuit such as this one." *Id*. at 421. These sanctions may include actual damages as well as attorneys' fees. *See, e.g., Miles v. Clarke (In re Miles)*, 357 B.R. 446 (Bankr. W.D. Ky. 2006).

The recovery of sanctions in the form of actual damages and attorneys' fees for a contempt violation of §524 has created confusion as to how a party aggrieved by a violation of the discharge injunction proceeds. Must a party seeking contempt seek redress by motion in the main case or may he proceed in an adversary proceeding?

The Debtor argues that he may proceed by adversary proceeding and cites *Motichko v. Premium Asset Recovery Corp. (In re Motichko)*, 395 B.R. 25 (Bankr. N.D. Ohio 2008) in support. In *Motichko*, the debtors brought an adversary proceeding in their reopened Chapter 7 case to recover damages for a creditor's alleged violation of the discharge injunction. The

5

creditor moved to dismiss on the ground that the debtors had no private cause of action for violation of the discharge injunction under *Pertuso* and to the extent that the debtors were seeking to recover under a contempt theory, the debtors should have proceeded by motion rather than by adversary proceeding. *Id.* at 29. The bankruptcy court rejected this argument and refused to dismiss the count alleging contempt for violation of the discharge injunction from the adversary. According to the court,

> To dismiss on procedural grounds alone would be to elevate form over substance. This is particularly true where—as here—an adversary proceeding provides more procedural protection for the defendant than does a contested matter brought by way of motion.

*Id.* at 33.

To reach this conclusion, the court examined the discussion in *Pertuso*, and determined that *Pertuso* does not prohibit debtors from bringing an adversary proceeding to seek contempt for violation of the discharge injunction. The court noted that while there is no private cause of action, the debtor may be able to recover damages as a sanction for contempt. *Id.* at 29.

The court in *Motichko* particularly relied on the holding in *Miles, supra,* that the mere fact that the debtor requests damages in addition to sanctions does not convert a suit to private cause of action:

> Although the only relief expressly authorized by 11 U.S.C. §524 is injunctive, 11 U.S.C. §105(a) authorizes the issuance of "any order, process or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code… "As a transgression against the court, broad discretion is invested in the court in selecting appropriate sanction."…The modern trend in civil contempt proceedings is for courts to award actual damages for violations of §524's discharge injunction, and, where necessary to effectuate the purposes of the discharge injunction, a debtor may be entitled to reasonable attorney fees.

*Id*. at 30 (*citing In re Miles*, 357 B.R. at 450). Like other courts in this circuit, the Western District of Kentucky allowed a debtor to proceed with a claim for contempt in an adversary

6

proceeding while acknowledging *Pertuso's* holding that there is no private cause of action for §524 violations. The court in *Motichko* chose to follow suit.

While this court respects the findings of its sister courts in this circuit, it cannot reconcile the reliance of these courts on §105 to allow a private right of action in an adversary proceeding where the Sixth Circuit explicitly held in *Pertuso* that §105 does not confer that power on the bankruptcy court. *Pertuso*, 233 F.3d at 423. *Pertuso* was clear that the traditional remedy is a contempt proceeding brought by motion rather than by a lawsuit. *Id.* at 421 ("…the traditional remedy for violation of an injunction lies in contempt proceedings, *not in a lawsuit such as this one.*") (emphasis added). Section 105 cannot be used to circumvent that ruling. *Id.* at 423.

This Court is further persuaded by a recent decision in the Ninth Circuit addressing this very issue. In *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186 (9th Cir. 2011), a discharged Chapter 7 debtor brought an adversary proceeding against a bank, asserting a cause of action for contempt based on the bank's alleged violation of the discharge injunction and seeking injunctive relief, a coercive fine, declaratory relief, and attorneys' fees. *Id.* at 1188. The defendant moved to dismiss on the grounds that §105 creates no private right of action to sue for a violation of §524 and the only remedy available to the debtor was to seek a contempt order directly in the bankruptcy court. *Id.* The Ninth Circuit agreed, dismissed the adversary proceeding, and held that the debtor's only recourse was a motion for contempt in the main case. *Id.* at 1191.

Following the Sixth Circuit's lead, the Ninth Circuit has ruled that §105 does not create a private right of action for damages for violation of the discharge injunction, particularly where Congress intended for the enforcement of a discharge order to remain solely in the hands of the bankruptcy judge who issued the order. *See Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 506-509 (9th Cir. 2002) ("Implying a private remedy here could put enforcement of the

7

discharge injunction in the hands of a court that did not issue it (perhaps even in the hands of the jury), which is inconsistent with the present scheme that leaves enforcement to the bankruptcy judge whose discharge order gave rise to the injunction."). When asked to address the question of whether a motion for contempt or an adversary proceeding was the appropriate recourse for a debtor aggrieved by a violation of the discharge injunction, the Ninth Circuit focused on the Bankruptcy Rules in finding that a motion for contempt is the only procedural remedy.

The Ninth Circuit compared Bankruptcy Rules 9020[1], 9014[2] and 7001[3] relating to contempt proceedings and adversary proceedings respectively, and held that the distinction between these rules supported its conclusion. The debtor therein argued that because Rule 9014, which governs contested matters and applies to contempt proceedings in accordance with Rule 9020, invokes certain rules utilized for adversary proceedings under Part VII of the Bankruptcy Rules, any motion brought pursuant to Rule 9014 could also impliedly be brought as an adversary proceeding. The court rejected this argument:

---

[1] Rule 9020 states "Rule 9014 governs a motion for an order of contempt made by the United States trustee or a party in interest." Fed. R. Bankr. P. 9020.

[2] Rule 9014 governs contested matters and incorporates some of the rules that control adversary proceedings. *See* Fed. R. Bankr. P. 9014.

[3] Rule 7001 states, "An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings: (1) to recover money or property, except a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under §554(b) or §725 of the Code, Rule 2017, or Rule 6002; (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d); (3) a proceeding to obtain approval pursuant to §363(h) for the sale of both the interest of the estate and of a co-owner in property; (4) a proceeding to object to or revoke a discharge, other than an objection to discharge under §§727(a)(8), (a)(9), or 1328(f); (5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan; (6) a proceeding to determine the dischargeability of a debt; (7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief; (8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination; (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or (10) a proceeding to determine a claim or cause of action removed pursuant to 28 U.S.C. §1452." *See* Fed. R. Bankr. P. 7001.

8

> Such a construction does not follow, and if adopted it would obliterate the difference between contested matters and adversary proceedings, obviating the list under Rule 7001, because under this construction any contested matter under Bankruptcy Rule 9014 could necessarily be brought as an adversary under Rule 7001.

*Id.* at 1190.  Moreover, the Ninth Circuit pointed out that an argument that contempt proceedings seeking to enforce injunctions are impliedly included under subsection (7) of Rule 7001 is "wordplay" where a plain reading of Rule 9020 requires a contrary conclusion.  *Id.*  A debtor cannot seek a "second-order injunction" because "[a]n injunction against violating an existing injunction would be superfluous, adding no judicial action and providing no judicial relief."  *Id.*

The Ninth Circuit's well-reasoned analysis supports this Court's conclusion that the only remedy for a debtor aggrieved by a violation of the discharge injunction is to seek relief by virtue of a motion in the main bankruptcy proceeding.  Contempt for a violation of §524 may not be adjudicated in an adversary proceeding and for this reason, the Debtor's Count I alleging violation of the discharge injunction shall be dismissed, without prejudice, with leave for the Debtor to file a motion for contempt in the main bankruptcy proceeding.

**B.     Counts II and III – Violations of the FDCPA and KCPA**

The Defendants also argue that the Court may not exercise subject matter jurisdiction over the Debtor's remaining Counts II and III for violations of the FDCPA and the KCPA.  This Court agrees.

Congress has invested the district courts with original and exclusive jurisdiction for cases "under title 11," or the actual bankruptcy case commenced by the filing of the petition, and original but not exclusive jurisdiction for civil proceedings "arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. §1334(a) and (b).  Congress also granted the district court the power to refer bankruptcy cases and civil proceedings which arise in or under the

Bankruptcy Code and those related to bankruptcy cases to the bankruptcy courts.  28 U.S.C. §157(a).  In Kentucky, the district court has referred such cases to the bankruptcy court.  LR 83.12.

Because Counts II and III for violations of the FDCPA and the KCPA are not "under title 11," nor are they "arising under title 11," in that neither have a relationship to the Bankruptcy Code, the Court may only exercise jurisdiction over them if they are "related to cases under title 11."  The Court may only exercise "related to" jurisdiction where the outcome of a proceeding could conceivably have any effect on the estate being administered in bankruptcy.  *See Stewart v. Henry (In re Stewart)*, 62 Fed. Appx. 610, 613 (6th Cir. 2003); *Lindsey v. O'Brien, Tanski, Tanzer and Young Health Care Providers of Connecticut (In re Dow Corning Corp.*), 86 F.3d 482, 489 (6th Cir. 1996).

The factual allegations which give rise to the Debtors' claims for violations of the FDCPA and the KCPA have all occurred post-petition and are not property of the Debtor's estate.  Whatever their outcome, the Debtor's estate will be unaffected.  Thus, the Court lacks "related to" jurisdiction over these claims.  *See, e.g., Vienneau v. Saxon Capital, Inc. (In re Vienneau)*, 410 B.R. 329 (Bankr. D. Mass 2009); *Harlan v. Rosenberg & Associates, LLC (In re Harlan)*, 402 B.R. 703 (Bankr. W.D. Va. 2009); *Goldstein v. Marin Midland Bank., N.A. (In re Goldstein)*, 201 B.R. 1 (Bankr. D. Maine 1996).  For this reason, the Debtors' Counts II and III for violations of the FDCPA and the KCPA shall be dismissed.

The foregoing constitutes the Court's findings of fact and conclusions of law.  A separate order in conformity herewith shall be entered.

Copies to:

Alexander Edmonson, Esq.

Benjamin Wolf, Esq.

Ellen Arvin Kennedy, Esq.

Tyler Powell, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Wednesday, May 25, 2011
(tnw)**